**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3780-21

STATE OF NEW JERSEY,

    Plaintiff – Respondent,

v.

DARELL MCRAE, a/k/a
DARELL T. MCRAE,

    Defendant – Appellant.

_____

Submitted February 26, 2024 – Decided March 11, 2024

Before Judges Marczyk and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 19-09-1006.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Patrick Ryan McAvaddy, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Darell McRae appeals from a May 20, 2022 order denying his petition for post-conviction relief ("PCR") without an evidentiary hearing. Before the PCR court, defendant challenged plea counsel's effectiveness. On appeal, defendant reprises the same argument. We affirm.

I.

The pertinent facts and procedural history were accurately summarized in the PCR court's decision and accompanying opinion and need not be repeated here at length. In essence, on July 19, 2019, police responded to two different reports of sexual assault on two different women.

The first victim, D.E., indicated she was at a bar having a few drinks. As she was leaving the bar at approximately 2:00 a.m., an unknown black male, later identified as defendant, informed her that he was an Uber driver and he would provide her with a ride home. The victim left the bar with defendant who told her to follow him to his vehicle. She then followed him down the street until she arrived at a dead-end. Defendant then placed a knife to her neck and asked her if she had any children. The victim indicated she did have children. Defendant threatened if D.E. did not comply with everything he demanded he would kill her kids. At this point, defendant ripped the back of the victim's clothing and penetrated her vagina with his penis.

A-3780-213780-21

The second woman, Z.K., who was a sex worker, told police she agreed to perform oral sex on an unknown black male, later identified as defendant, who then forcefully penetrated her vagina with his penis and slashed her neck with a knife. She had placed her thumb between her neck and the knife, resulting in severe lacerations to her neck and left hand. Defendant also told her, "Come over here and have sex with me or I swear to God I am going to kill you."

Defendant was arrested and indicted for twelve counts including attempted murder, N.J.S.A. 2C:5-1(a) and N.J.S.A. 2C:11-3(1)(2). He then pled guilty, pursuant to a plea agreement, to second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1), and first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(4), in exchange for the State's recommendation that he serve an aggregate term of ten-years imprisonment, subject to the No Early Release Act ("NERA"), N.J.S.A. 2C: 43-7.2.

Before accepting the plea agreement, the court engaged in a detailed colloquy with defendant to ensure he understood the terms and the rights he was giving up, as well as to ensure he had adequate time to confer with his counsel and was satisfied with his representation. At the plea hearing, defendant acknowledged he was pleading guilty because he was guilty, was doing so voluntarily without being forced or threatened, and that he read and understood

3

the plea forms, and his answers on those forms were truthful. The plea hearing judge found defendant provided a factual basis for each of the charges he pled guilty to and found defendant entered the plea knowingly, intelligently, and voluntarily. The court then stated it was satisfied defendant had competent counsel and scheduled the matter for sentencing.

As part of pre-sentencing, defendant was evaluated in accordance with the Sex Offender Statute, N.J.S.A. 2C:47-1. The resulting report summarized an interview conducted with defendant. In the interview, defendant "acknowledged culpability and responsibility for the offenses," and reported he was under the influence of drugs and alcohol at the time. He further stated, "I wanted to see how it would feel . . . rape," and "indicated he watched adult pornography depicting sexual assault and fantasized about rape for a few months prior to the offenses." Defendant said he, "just made up my mind, I'm going to do this tonight." He discussed his assault against Z.K., admitting he was aroused by her pleading with him to stop. He denied reaching orgasm and could not provide an explanation for cutting her neck with a knife. He then discussed his assault against D.E., again denying reaching orgasm. He explained anyone could have walked by and discovered him easily which he was avoiding.

A-3780-213780-21

There was no suggestion in the report's conclusion that defendant required, or would benefit from, any treatments to address psychiatric issues or disorders. In the section discussing the psychological evaluation, the report notes defendant was "cooperative," his speech was "relevant and coherent," and "[t]here was no evidence to suggest [defendant] has a psychotic thought disorder." Defendant "denied experiencing hallucinations," and "there was no evidence of loose associations or delusions."

Defendant then appeared for sentencing. The court ultimately found aggravating factors three, six, and nine applied; declined to find mitigating factor four; and sentenced defendant according to the plea agreement to a five-year prison term and a ten-year prison term to run concurrently, both subject to NERA.

Defendant appealed from his aggregate sentence, arguing the sentencing judge did not properly apply the aggravating and mitigating factors. We heard the appeal on a sentencing calendar, pursuant to Rule 2:9-11, and affirmed the sentence, concluding the "findings of fact regarding aggravating and mitigating factors were based on competent and credible evidence in the record," and "the court did not abuse its discretion in imposing the sentence." State v. McRae, No. A-0783-20 (App. Div. March 23, 2021) (citations omitted).

A-3780-213780-21

Defendant then filed a timely a PCR petition, claiming his pretrial counsel was ineffective by failing to investigate and advise him adequately about a possible insanity defense on the grounds he "wasn't taking [his] diabetic medication plus [he was] drinking and taking [ecstasy] pills" at the time of the assaults. After a hearing, the court issued an order on May 20, 2022, denying the PCR petition without an evidentiary hearing.

In an accompanying decision, the court found defendant failed to make a prima facie showing of ineffective assistance of counsel in declining to pursue an insanity defense. Specifically, the court noted defendant "did not meet the requirements for the affirmative defense of insanity and the case against him was strong, so a favorable plea agreement was in [defendant's] best interest." The court cited to defendant's recollections in the Avenel Report, which "suggest[ed] that he in fact remembers what happened and how he felt about his actions at the time of the offense." According to the court, defendant's "statements belie his argument that he suffered from a sudden, irresistible impulse to engage in his actions, or that he was unaware that they were wrong." Instead, "they show that [defendant] had forethought about the criminal activity for months." The court further noted defendant failed "to submit an affidavit or certification to assert he had a mental disorder at the time of the crimes that

6

would justify" an insanity defense, which made the claim a "bald assertion." The court reasoned defendant's plea counsel would have known his contention was unsupported by evidence and the evidence against him was strong. Thus, his counsel's decision to forgo an insanity defense and negotiate a plea agreement that dismissed ten of the twelve charges and resulted in a ten-year sentence was not outside the range of professionally competent assistance.

On appeal, defendant raises the following argument for our consideration:

> POINT I.
>
> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL PRETRIAL BY FAILING TO INVESTIGATE AND ADVISE HIM ADEQUATELY ABOUT AN INSANITY DEFENSE.

II.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Afanador, 151 N.J. 41, 49 (1997) (citing State v. Preciose, 129 N.J. 451, 459 (1992)). "It is a safeguard to ensure that a defendant was not unjustly convicted." Ibid. (citing State v. McQuaid, 147 N.J. 464, 482 (1997)). It provides a final opportunity for a defendant to raise a legal error or constitutional issue, including violation of the right to the effective assistance of counsel as guaranteed by the Sixth Amendment of the United States

7

Constitution and Article I, Paragraph 10 of the New Jersey Constitution, that may have caused an unjust result. State v. Hess, 207 N.J. 123, 145-46 (2011); see also Afanador, 151 N.J. at 49 ("Ordinarily, PCR enables a defendant to challenge the legality of a sentence or final judgment of conviction by presenting contentions that could not have been raised on direct appeal." (citing McQuaid, 147 N.J. at 482-83)).

We review the legal conclusions of a PCR court de novo, but generally defer to its factual findings when those are "supported by adequate, substantial and credible evidence." State v. Harris, 181 N.J. 391, 415-416 (2004) (citations omitted). "Where, as here, the PCR court has not conducted an evidentiary hearing, we review its legal and factual determinations de novo." State v. Aburoumi, 464 N.J. Super. 326, 338-39 (App. Div. 2020) (citing State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018)). However, we review a trial court's decision to deny a PCR petition without an evidentiary hearing for an abuse of discretion. Preciose, 129 N.J. at 462.

A petitioner claiming ineffective assistance of counsel as a basis for relief must show counsel's performance was deficient, and but for those errors, they would not have been convicted. See Strickland v. Washington, 466 U.S. 668, 687, 694 (1984); State v. Fritz, 105 N.J. 42, 52 (1987). A petitioner must

A-3780-213780-21

establish both prongs of the Strickland standard to obtain a reversal of the challenged conviction. 466 U.S. at 687.

To satisfy the first prong, the defendant must show counsel's performance was deficient by demonstrating counsel's handling of the matter "fell below an objective standard of reasonableness" and "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687-88. "[T]he quality of counsel's effectiveness [cannot] fairly be assessed by focusing on a handful of issues, while ignoring the totality of counsel's performance in the context of the State's compelling evidence of defendant's guilt." State v. Marshall, 123 N.J. 1, 165 (1991).

To satisfy the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." State v. Gideon, 244 N.J. 538, 550-51 (2021) (alteration in original) (quoting Strickland, 466 U.S. at 694). "Prejudice is not to be presumed." Id. at 551 (citing Fritz, 105 N.J. at 52). "The defendant must 'affirmatively prove prejudice.'" Ibid. (quoting Strickland, 466 U.S. at 693).

A-3780-213780-21

In the context of a PCR petition challenging a guilty plea, the second prong is established when a defendant demonstrates "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)). "In other words, 'a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'" Aburoumi, 464 N.J. Super. at 339 (quoting State v. O'Donnell, 435 N.J. Super. 351, 371 (App. Div. 2014)). See also Padilla v. Kentucky, 559 U.S. 356, 372 (2010). Furthermore, since prejudice is not presumed, a defendant "must demonstrate 'how specific errors of counsel undermined the reliability' of the proceeding." State v. Drisco, 355 N.J. Super. 283, 289-90 (App. Div. 2002) (citations omitted).

When petitioning for PCR, the defendant must establish, "by a preponderance of the credible evidence[,]" he is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013) (quoting Preciose, 129 N.J. at 459). To sustain that burden, the defendant must allege and articulate specific facts "which, if believed, would provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

Additionally, a defendant is not automatically entitled to an evidentiary hearing by simply raising a PCR claim. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (citing R. 3:22-10). To obtain an evidentiary hearing, a defendant must "demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits." State v. Peoples, 446 N.J. Super. 245, 254 (App. Div. 2016) (quoting State v. Porter, 216 N.J. 343, 355 (2013)). The petitioner's claims "must be supported by 'specific facts and evidence supporting his [or her] allegations.'" Ibid. "If the [PCR] court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to [PCR], . . . then an evidentiary hearing need not be granted." State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (second alteration in original) (quoting State v. Marshall, 148 N.J. 89, 158 (1997)). If defendant's "allegations are too vague, conclusory, or speculative[,]" they are not entitled to an evidentiary hearing. Porter, 216 N.J. at 355 (quoting Marshall, 148 N.J. at 158). A defendant "'must do more than make bald assertions that [the defendant] was denied the effective assistance of counsel. [A defendant] must allege facts sufficient to demonstrate counsel's alleged substandard performance.'" Ibid. (quoting Cummings, 321 N.J. Super. at 170).

Guided by these standards, the strong evidence the State marshalled against defendant, and defendant's lack of evidence supporting an insanity defense, we are satisfied the PCR court correctly determined defendant failed to satisfy either Strickland prong, and thus defendant was not entitled to an evidentiary hearing. Defendant would have been exposed to a much lengthier aggregate prison term had he been convicted of the two sexual assaults at trial, which demonstrates his counsel's effectiveness in the pre-trial stage. Moreover, defendant failed to certify that he had a mental illness at the time of the crimes. He also failed to produce any expert testimony supporting his claim. Additionally, defendant's failure to certify or even mention he would not have accepted the plea offer is fatal to his contention. Finally, we conclude the PCR judge's factual findings are fully supported by the record, and the legal conclusions are consonant with applicable legal principles.

We find no basis to disturb the denial of PCR. The court correctly determined defendant failed to establish a prima facie case of ineffective assistance of trial counsel and that an evidentiary hearing was unwarranted. Our careful review of the record reveals defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3780-213780-21